UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MOHAMMAD AQEEL HUSSAINI,

       Petitioner,

v.

                                      Case No. 3:26-cv-1684-JEP-LLL

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

       Respondents.

_____

## ORDER

1.     Petitioner's *Ex Parte* Application for Temporary Restraining Order (Doc. 2) is **DENIED** because Petitioner neither shows a substantial likelihood of success on the merits nor irreparable harm. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (recognizing that "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent" (internal quotation marks and citations omitted)). Additionally, temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1983). And the Attorney General is tasked with "arrang[ing] for appropriate places of detention for aliens

detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1); *see also Marquez-Diaz v. Ripa*, No. 25-CV 23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025). Finally, this Court does not have jurisdiction to stay Petitioner's removal. *See* 8 U.S.C. § 1252(g). Nevertheless, to progress this case, the Court enters the following briefing schedule.

2.     The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

3.     Respondents, within **30 days** from the date of this Order, shall respond to the Petition, and show cause why the Petition should not be granted.

4.     If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

5.     If Petitioner is not represented by counsel, Petitioner must keep the Court apprised of Petitioner's current mailing address at all times,

including if Petitioner is released. If Petitioner fails to do so, the Court may dismiss the action.

6. The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

7. After Respondents file a response, Petitioner shall have **30 days** to file a reply to Respondents' response.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of July, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

caw 7/1
c:
Counsel of Record
U.S. Attorney's Office secondary email (OPLAORLFEDLIT@ice.dhs.gov)

3